IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FRED SMITH**                                                                              **PLAINTIFF**

**v.**                                                                      **No. 3:15-cv-00092-MPM-JMV**

**WELLS FARGO HOME MORTGAGE**                                              **DEFENDANT**

## ORDER

This cause comes before the court for consideration on the *Motion to Dismiss Pursuant to Rule 12(b)(6) and for Sanctions* (the "Motion") [9] and *Memorandum in Support of Motion to Dismiss and for Sanctions* [10], filed on behalf of defendant Wells Fargo Home Mortgage ("Wells Fargo").

In 2012, Plaintiff Fred Smith filed an action relating to the same foreclosure proceedings on the same property at issue here, and asserted a number of federal and state claims. *Smith v. Bank of Am., N.A.*, 2012 WL 4320845 (N.D. Miss. Sept. 20, 2012). This court granted summary judgment in favor of Wells Fargo by finding that Smith conceded the central factual issues of the case and asserted a number of frivolous claims. *Id.* Smith and his wife then filed another action relating to the same foreclosure proceedings on the same property, which the court dismissed due to the *res judicata* and/or collateral estoppel effect of prior litigation of those claims. *Smith v. Jedynak*, No. 3:14-cv-00059-MPM-JMV (N.D. Miss. Jan. 28, 2015). Smith is now before this court for a third time asking for declaratory judgment and a temporary restraining order regarding the same foreclosure proceedings and the same property.

Smith alleges Wells Fargo violated a number of state and federal laws in connection with what he contends was a wrongful foreclosure of his home. In the present motion, Wells Fargo

asserts that Smith's claims are due to be dismissed under Fed. R. Civ. P. 12(b)(6) because he has failed to state a claim upon which relief could be granted—specifically, that Smith's claims asserted in this action are barred by the *res judicata* and/or collateral estoppel effect of prior litigation between them. The court agrees.

As noted by Wells Fargo in its brief, "[t]his is the **third** lawsuit Fred Smith has filed to frustrate the lawful foreclosure of the property Mr. Smith formerly owned." Wells Fargo accurately describes the thrust of Smith's current lawsuit. The court has reviewed the Motion submitted by Wells Fargo and agrees that this action is barred by *res judicata*. Under federal law, *res judicata* bars plaintiffs from bringing a claim if: (1) the parties are identical in both actions (or at least in privity); (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was final on the merits; and (4) the two cases involve the same cause of action. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). After a final judgment in favor of a defendant, *res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events, even if plaintiff asserts additional facts or proceeds under a different legal theory. *Mock v. Epps*, No. 4:06CV39-P-A, 2006 WL 1050534, at *1 (N.D. Miss. April 20, 2006). Further, it has long been settled that "*res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979).

The parties are identical—or as noted by Wells Fargo in its brief at least in privity—to the parties in Smith's first action regarding the same foreclosure proceedings on the same property at issue here. This court rendered a final judgment on the merits in Smith's first action. Consequently, *res judicata* bars Smith's present action because it is based upon the same event

or series of events as his first action. Further, it makes no difference that Smith is now asserting claims of declaratory judgment or for a temporary restraining order because those claims for relief were available to Smith in the prior proceeding and *res judicata* applies "even if plaintiff asserts additional facts or proceeds under a different legal theory." *Epps*, 2006 WL 1050534, at *1. This action is therefore barred by the doctrine of *res judicata* and Wells Fargo's Rule 12 motion is due to be granted.

In granting this Rule 12 dismissal, this court realizes its duty to employ its judicial experience and common sense, as directed by the United States Supreme Court in *Twombly* and *Iqbal*, to evaluate the "plausibility" of Smith's allegations in the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L Ed. 2d 929 (2007) (holding that a party must plead "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). In dismissing Smith's previous—and second—lawsuit pertaining to the same foreclosure proceedings and property at issue here, this court stated:

> Given its prior experience in dealing with [Smith], as well as with similar lawsuits seeking to delay foreclosure, it seems clear that the purpose of this lawsuit is to misuse the judicial process to maintain wrongful possession of the premises. Accordingly, [Smith] is not entitled to the same benefit of the doubt to which another *pro se* plaintiff might be entitled.

[January 2015 Order at 5]. The same rings true in this action by Smith. Smith's "shotgun" approach of filing numerous frivolous lawsuits and hoping one hits its mark is untenable. Wells Fargo's Rule 12 motion is due to be granted.

In its Motion to Dismiss, Wells Fargo also moves this court to assess monetary sanctions against Smith. However, under Rule 11, "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Moreover, a motion for sanctions must comply with Rule 11's 21-day "safe harbor" rule, such that the motion "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." *Id.* Wells Fargo's motion for sanctions was not made separately from its Motion to Dismiss and was filed with the court in violation of the 21-day "safe harbor" rule. Therefore, Wells Fargo's motion for sanctions is due to be denied without prejudice as to its right to refile an appropriate motion for sanctions. For the foregoing reasons, it is hereby

ORDERED that defendant Wells Fargo Home Mortgage's *Motion to Dismiss Pursuant to Rule 12(b)(6) and for Sanctions* [9] is GRANTED IN PART and DENIED IN PART. It is further,

ORDERED that the case is hereby DISMISSED.

This the 29th day of September, 2015.

                              **/s/ MICHAEL P. MILLS**
                              **UNITED STATES DISTRICT JUDGE**
                              **NORTHERN DISTRICT OF MISSISSIPPI**